```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARLOS I. MERCED CABEZA,<br><br>        Plaintiff,<br>  v.<br><br>(NO DEFENDANT LISTED). | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 16-cv-07808 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Carlos I. Merced Cabeza
Plaintiff Pro Se
1536 Gross Avenue
Pennsauken, NJ 08110

**SIMANDLE, Chief District Judge:**

    1.   The Court at this time construes Plaintiff Carlos I. Merced Cabeza's Complaint as purportedly seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement, as explained more fully below. Complaint, Docket Entry 1. Plaintiff does not name a defendant in the caption or in § I(B) of his Complaint.

    2.   Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints prior to service in those civil actions in which a prisoner is proceeding *in forma pauperis* (*see* 28 U.S.C. § 1915(e)(2)(B)), seeks redress against a governmental employee or entity (*see* 28 U.S.C. §

1915A(b)), or brings a claim with respect to prison conditions (*see* 42 U.S.C. § 1997e). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

    3.    To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## Statements In The Complaint

4.  Plaintiff's Complaint states: "In the 20 of Aprill I went to jaill to and I was sleeping in the floor for the and went I went to take a took me to coort and they not find guyty becose I no find me lost a lot of way and lost slee a ma fray to sleep [*sic*]." Complaint at 1. The Complaint alleges that Plaintiff "was sleeping for 30 a mi cell witch 3 more intake." *Id.* § II(B).

5.  With respect to the location(s) of the events giving rise to his allegations, Plaintiff states: "Bad food, shower, recreation, no time in teleton [*sic*] and only few fine [*sic*]." *Id.* § III(A).

6.  With respect to the date(s) and time(s) of these events, Plaintiff states: "Fithing, no cleaning[.] We have to shave a 12 midnight[.] The guard treat us like animals[.] Seat

3

more than 20 a cell like for se de dentis or the doctor [*sic*]." *Id*. § II(B).

    7.   With respect to the facts giving rise to his allegations, Plaintiff states: "Wife have roachs, rats[.] The food is a done the same every the ware presure is to strong you ha and with have to wash close a shave a mia." *Id*. § III(C).

    8.   For his statement of claim with respect to persons involved in these alleged events, Plaintiff states: "no body do nothing in this cases they. Everybody was invol on this sargen bing rans superintendentel [*sic*]. The some the true me in the cell de give my a matres and they tolk tome be cometebold in the comecretne the some was us my inmate paid live[.]" *Id*. § III(C).

    9.   With respect to alleged injuries from these purported events, Plaintiff claims to have "fractu[r]ed my right left in shower and fractuded my left hand," for which he was taken "to infermeria [*sic*]." *Id*. § IV.

    10.   With respect to requested relief, Plaintiff seeks "[$]10,000 the food was awful[,] sleep in floor mor 2 months and de guard [*sic*]." *Id*. § V.

4

## **Failure To Satisfy The Pleading Requirements of**
## **Fed. R. Civ. P. 8(a)(1)-(3)**

11.  Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(1)-(3).

12.  *Pro se* complaints are construed liberally and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nevertheless, *pro se* litigants must still allege facts, taken as true, to suggest the required elements of the claims asserted. *Phillips v. County of Allegheny,* 515 F.3d 224, 234-35 (3d Cir. 2008); *McNeil v. United States,* 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

13.  Here, however, Plaintiff's handwritten Complaint fails to set forth comprehensible statements that specify any particular cause of action or factual allegations in the first instance.

14. The only coherent statement in Plaintiff's Complaint with respect to a claim allegation appears to suggest that he slept on the floor while incarcerated. Complaint at 1 and § V ("I was sleeping in the floor. . . Sleep in floor"). However, Plaintiff does not indicate when these incidents happened or where they happened.

15. In addition, even if Plaintiff's statements were liberally read to allege unconstitutional prison overcrowding in connection with Plaintiff "sleeping in the floor" (Complaint at 1), the Complaint is silent with respect to the persons against whom Plaintiff asserts such claims. Accordingly, the Court cannot discern what cause(s) of action Plaintiff intends to pursue against any particular person(s). Complaint § III(C) ("no body do nothing in this cases they[.] Everybody was invol on this sargen bing rans superintendentel [sic]").

16. The incomprehensible balance of contentions in the Complaint does not remedy these omissions. See, e.g., Complaint § III(C) ("Wife have roachs, rate[.] The food is a done the same every the ware presure is to strong you ha and with have to wash close a shave a mia [sic]").

17. Thus, the Court finds that Plaintiff's Complaint lacks sufficient factual allegations to support what the Court can only assume is an assertion that Plaintiff experienced unconstitutional conditions of confinement while incarcerated.

18. Plaintiff's Complaint thus fails to comply with Fed. R. Civ. P. 8(a): the requirement that the Plaintiff provide his intended defendant(s) with fair notice of his claims and the grounds upon which they rest. While Plaintiff may claim some form of actionable conditions of confinement that entitle him to relief, he provides no specifics. Plaintiff has not provided any comprehensible information to demonstrate alleged unlawful conduct. "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Phillips,* 515 F.3d at 232 (determining that *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) focuses on the "context" of the required short, plain statement and that fair notice under Rule 8(a)(2) for some complaints requires at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests").

19. Recognizing that Plaintiff is a *pro se* litigant, and even construing the Complaint liberally, its contents do not contain comprehensible statements that articulate a claim upon which relief can be granted.

7

## Failure to State A Claim
## Pursuant To 28 U.S.C. § 1915(e)(2)(B)(ii)

20. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a complaint must allege "sufficient factual matter" to show that the claim is facially plausible in order to survive *sua sponte* screening for failure to state a claim. *Fowler*, 578 F.3d at 210. In other words, a complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

21. Here, even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding in connection with Plaintiff "sleeping in the floor" (Complaint at 1), any such purported claims must be dismissed because the mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))).

22. More is needed to demonstrate that crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.").

23. Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

## Leave To Amend

24. Plaintiff may be able to amend the Complaint to: (a) articulate comprehensible statements that set forth a claim upon which relief can be granted, along with the particular identity of the person(s) against whom such claims are asserted; and (b) particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end,

9

the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[2]

25. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

26. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

---

[2] The amended complaint shall be subject to screening prior to service.

## **Conclusion**

27. For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim.

28. An appropriate order follows.

**March 28, 2017**            **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                        Chief U.S. District Judge